Argued 12 July, decided 8 August, 1904.

**LEMMONS *v.* HUBER.**

[77 Pac. 836.]

WHAT IS A FINAL ORDER — ORDER SETTLING COSTS.

1. An order determining the action on its merits and giving judgment is a final order in the case, and upon its entry the time for appealing begins to run. The taxing of the costs is a subsequent matter the determination of which does not affect the "judgment" in the case: B. & C. Comp., §§ 547 and 2239.

APPEAL FROM JUSTICE'S COURT — RETRIAL ON THE MERITS.

2. On appeal to the circuit court from a judgment of a justice of the peace rendered on an objection to costs, appellant is not entitled to a retrial of the case on its merits.

JUSTICE'S COURTS — APPEAL FROM TAXATION OF COSTS.

3. *Quære.* Will appeal lie from an order of a justice of the peace settling a disputed cost bill? and do Sections 2200 and 2237, B. & C. Comp., make the practice as to taxing disbursements in the circuit courts applicable to justice's courts?

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE BEAN.

Joseph Lemmons, by his guardian *ad litem*, brought an action in a justice's court to recover the value of three and a half tons of hay alleged to belong to him, which it was averred the defendant wrongfully and unlawfully converted to his own use. The cause came on for trial before a jury March 16, 1903. After plaintiff had introduced his testimony, defendant moved for a nonsuit on the ground that plaintiff had failed to prove title to the hay in controversy. This motion was sustained by the justice, and judgment rendered against the plaintiff for defendant's costs and disbursements, stated in the judgment entry to be $28.80. On March 18th the defendant filed a cost bill, claiming the amount stated as his disbursements. The next day objections were filed thereto, and a day or so later an amended verified statement was filed by defendant, in which the amount of his disbursements was stated to be $27.30. On April 17th the matter came on for hearing on the objections to the cost bill, and the justice's court found the amended verified statement to be correct, and

ordered and adjudged "that the amount of disbursements set forth in defendant's amended verified statement of his disbursements, to wit, the sum of $27.30, be, and the said sum of $27.30 is hereby, allowed as defendant's disbursements herein." On May 8th a notice was served on the defendant, notifying him that the plaintiff appealed to the circuit court from the "final judgment made and entered in the above-named justice's court on the 17th day of April, 1903, wherein it was 'ordered and adjudged by the court that the amount of disbursements set forth in defendant's amended verified statement of his disbursements, to wit, the sum of .$27.30, be, and the same is hereby, allowed as defendant's disbursements herein.'" At the hearing in the circuit court the plaintiff demanded a retrial on the issues of fact and law as made by the pleadings in the justice's court. The circuit court ruled that the appeal was from the taxation of costs merely, and refused a retrial. The plaintiff declined further to insist upon or prosecute his objections to the cost bill, and it was thereupon ordered and adjudged "by the court that the judgment of the justice's court as hereinbefore described [the one rendered on April 17th] be, and the same is hereby, affirmed; that the defendant have and recover of and from the plaintiff and J. A. Baker, his surety on appeal, the sum of $27.30 taxed and allowed by said justice's court as defendant's costs and disbursements, and the further sum of $7.50 as the costs and disbursements of this action in this court." From this judgment the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. B. F. Bonham* and *Mr. Carey F. Martin.*

For respondent there was a brief and an oral argument by *Mr. Samuel T. Richardson* and *Mr. W. Ellis Richardson.*

MR. JUSTICE BEAN after stating the facts in the foregoing terms delivered the opinion of the court.

1. Plaintiff's motion for a retrial of the issues as made by the pleadings in the justice's court was properly denied. A final judgment, so far as the merits of the case were concerned, was made and entered March 16th. The appeal was not taken until the 8th of the following May — more than thirty days thereafter, and not within the time provided by statute: B. & C. Comp. § 2239. A judgment is final for the purpose of an appeal when it determines the rights of the parties: *State v. Security Sav. Co.* 28 Or. 410 (43 Pac. 162). The justice's court by the judgment of March 16th finally determined the rights of the parties before it, so far as the merits of the case were concerned. It then decided that the plaintiff had failed to sustain the issues of his complaint by his testimony, dismissed the action, and entered judgment against the plaintiff for costs and disbursements; and this was a final judgment. The controversy over the disbursements did not delay the entry of the judgment, nor did the final decision of that question amount to a modification of the judgment, or extend the time in which to appeal: *Wilson v. Palmer*, 75 N. Y. 250; *Hewitt* v. *City Mills*, 136 N. Y. 211 (32 N. E. 768). The costs were but a mere incident to the judgment. The proceedings subsequent to its rendition were merely for the purpose of ascertaining the amount of the disbursements to which the defendant was entitled, and they did not alter, modify, or affect the judgment in any way. The fact that the justice seems prematurely to have entered in the judgment the amount of the disbursements, as shown by the cost bill first filed before the objections thereto had been disposed of, cannot in any way affect the question.

2. The appeal, although not probably so intended, merely operated to bring up for review the judgment of

the justice's court taxing costs, and on such an appeal the original judgment cannot be attacked or reviewed : *Purvis* v. *Kroner*, 18 Or. 414 (23 Pac. 260). It is true there is in the record no formal motion to retax costs in the justice's court, but the docket entry shows that the question was disposed of by that court sitting in a judicial capacity, both parties to the litigation appearing, and it is from the judgment rendered on such hearing that the appeal was taken.

3. It has been suggested that an appeal would not lie from the taxation of disbursements in a justice's court, and therefore the circuit court was in error in affirming the judgment of that court in relation to the taxation of costs. The Justice's Code contains no special provisions for the taxation of disbursements, but Sections 2200, 2237, B. & C. Comp., would seem to make the general statute in relation to the taxation of disbursements in courts of record applicable to justice's courts. This question was not discussed in the briefs, and was not particularly urged at the argument, nor is it very material in this case, as the plaintiff was not seeking by the appeal to review the judgment of the justice's court in the matter of the taxation of costs, and makes no question about its correctness. Judgment affirmed.        AFFIRMED.