BESSER v. ALPENA CIRCUIT JUDGE.

1. COSTS—SEPARATE ISSUES—AMENDMENTS—STATUTES—CONSTRUC-
   TION.
   
   A statute adopted verbatim from the laws of another State is
   presumed to have been adopted by the legislature with ref-
   erence to the construction placed upon it by the courts of
   that State at the time of its adoption; and where, in an ac-
   tion of replevin for ties cut from separate descriptions of
   land, plaintiff failed to establish his title to one description,
   defendant, under section 11267, 3 Comp. Laws, was entitled
   to costs of the issue found in his favor, and, on motion made
   after judgment rendered, an amendment allowing such costs
   was proper.

2. APPEAL AND ERROR—MANDAMUS—JUDGMENTS — SETTLING BILL
   OF EXCEPTIONS—LAPSE OF TIME.
   
   Mandamus will not be granted to compel the settlement of a
   bill of exceptions, where it appeared that for two years both
   parties rested upon the finality of the judgment rendered and
   then procured amendments to correct technical omissions
   in the judgment.

Mandamus by Herman Besser to compel Frank Eme-
rick, circuit judge of Alpena county, to sign a bill of ex-
ceptions. Submitted February 9, 1909. (Calendar No.
23,226.) Writ denied March 3, 1909.

*O'Brien & Francis*, for relator.

On May 29, 1902, relator brought an action of replevin
against one John A. Widner to recover certain ties, posts,
and poles, claimed to have been unlawfully cut and re-
moved from certain lands of the plaintiff. Widner was
not the trespasser, but had purchased the property from
the alleged trespassers. Defendant filed a satisfactory
statutory bond (Act No. 246, Pub. Acts 1899) to release
the property from seizure pending the suit. The case was
tried in December, 1902, and judgment rendered Decem-

ber 27, 1902, in favor of plaintiff for $361.80. Plaintiff necessarily was obliged to show title in himself to all the descriptions of land from which the timber was cut, and the amount and value of the timber removed therefrom. He maintained his title to all the descriptions except one. As to the timber cut from that one description judgment went for the defendant. Subsequently plaintiff's costs were taxed at $179.05. The jury returned a special verdict fixing the amount and value of the timber taken from the lands owned by plaintiff, and further found that "the said defendant did not unlawfully detain the cedar ties, posts, and poles from off the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 12, town 30 N., range 4 E., and that the title to said land was not in the plaintiff." A general judgment was entered for the plaintiff, including his costs and charges to be taxed. No further action was taken until March 30, 1904, when the plaintiff moved to correct the judgment so as to include the bondsmen. On December 12, 1904, the defendant moved to amend the judgment so as to give him costs of the issue found in his favor. Again the parties seem to have rested without further action until February 28, 1908, when, the motions having been argued—but when does not appear—the circuit judge handed down an opinion holding that the defendant was entitled to the costs of the issue decided in his favor, and also that the plaintiff's motion should be granted, including judgment against the bondsmen. The judgment was so amended by proper entry on March 5, 1908. Plaintiff's counsel thereupon obtained an extension of time in which to settle a bill of exceptions. Plaintiff's counsel prepared a bill of exceptions, alleging errors upon the trial of the issue decided in favor of the defendant. The circuit judge refused to sign the bill of exceptions, for the reason that it is now too late to review the proceedings upon the trial. The relator seeks the writ of mandamus to compel the respondent to sign the bill.

GRANT, J. (*after stating the facts*). 1. Is the de-

fendant entitled to the costs of the issue decided in his favor? The statute upon the question is section 11267, 3 Comp. Laws, and reads as follows:

"When there shall be several issues in any case, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on another, if the plaintiff obtain judgment upon the whole record, costs shall be awarded as follows: (1) When the substantial cause of action was the same in each issue, the plaintiff shall recover costs on those issues which were found for him, and shall not be liable to the defendant for the costs of the issue which shall have been found for the defendant. (2) When there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which are found for him, and the defendant on those which are found in his favor."

This statute was copied verbatim from the statutes of New York. The supreme court of that State had construed the statute to apply to a case of this character. *Seymour* v. *Billings*, 12 Wend. (N. Y.) 285. In that case the declaration contained one count, covering two distinct parcels of lumber claimed to have been unlawfully detained by the defendant. As to one parcel the issue was decided for plaintiff, as to the other, for the defendant; and the court held that the defendant was entitled to the costs of the issue decided for him. This statute is presumed to have been adopted by the legislature with reference to the construction placed upon it by the courts of that State. *Preston Nat. Bank* v. *Wayne Circuit Judge*, 142 Mich. 272. The court below properly allowed the amendment.

2. Is the plaintiff now entitled to a bill of exceptions to review alleged errors upon the trial which took place six years ago? His claim is based upon the theory that there was no final judgment to be reviewed until the judgment was amended in the particulars named. Plaintiff's motion to amend was a matter of course, and could be made at any time. The defendant's motion related to costs simply, and did not call in question any of the proceedings

upon the trial.  Both were technical omissions from the judgment, to be remedied upon motion.. Either party could at once, upon entry of the original judgment, have prepared a bill of exceptions, and brought the case to this court by writ of error.  As to the merits of the controversy, that judgment was final.  Plaintiff rested upon its finality for two years.  His attempt to review proceedings upon the trial comes too late.

The writ is denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.