Desmond R. RADICH, d/b/a Frontier
Construction Co., Appellant,

v.

FAIRBANKS BUILDERS, INC., an Alaska
Corporation, Appellee.

No. 417.

Supreme Court of Alaska.

Feb. 19, 1965.

Henry J. Camarot, Fairbanks, for appellant.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellee was the prime contractor on a government project. Appellant was the subcontractor for brush clearing and excavation work. During the course of the project work appellee terminated the sub-contract and awarded it to a third party.

Appellant brought this action for damages, claiming that appellee's termination of the sub-contract was a breach thereof. The trial court held that it was appellant who had breached the contract by reason of his delay in commencing the excavation work. The court concluded that appellee had not shown any damage by reason of appellant's breach, and awarded appellant $1,940.97 which he had expended in performance of the sub-contract and which the court found had inured to appellee's benefit in the performance of the prime contract. In addition, the court ordered the return to appellant of a $4,000 cash bond which he had deposited

as security for the performance of the sub-contract.

Appellant brought this appeal, contending primarily that the court erred in holding that he had breached the sub-contract. We find that the appeal was not timely and must be dismissed.

Judgment was entered on May 29, 1963. The running of the 30-day period for taking an appeal was terminated 5 days later, on June 3, when appellant filed exceptions to findings of fact and conclusions of law, which can be equated to a motion to amend the findings under Civil Rule 52(b).[1] The full time for appeal again commenced to run when the Rule 52(b) motion was denied on July 1, 1963, and expired 30 days later on July 31. Notice of appeal was not filed until August 16, which was 16 days after the time for appeal had expired.

Appellant contends that the appeal was timely because filed within 30 days after an amended judgment had been entered on July 23. The original judgment had awarded appellant $1,940.97 and the $4,000 cash performance bond, plus attorney's fees in the amount of $1,241.15. The amended judgment was identical with the original except that the attorney's fees were reduced to $485.24. The change was apparently made by the clerk at the instance of the trial judge who wrote to the clerk on July 9, 1963 as follows:

"Under paragraph 2 of the Judgment in the foregoing case I granted attorney's fees to Plaintiff in accordance with the rule. It is my intention to grant the percentage as attorney's fees based upon the amount of recovery rather than the amount sued for. This means that attorneys fees should be much less than the amount which has been written in on the Judgment. Would you effect the necessary change and notify the parties."

The question is whether the court-initiated amendment as to attorney's fees, which were awarded as part of the costs of the action under Civil Rule 82, affected the time for taking the appeal. We hold that it did not. The amendment was immaterial so far as the merits of the controversy were concerned. No substantial change was made in the nature of the judgment. The respective legal rights and obligations of the parties, which had been settled with finality by the findings of fact, conclusions of law and judgment on May 29, 1963, were not disturbed or revised by changing the amount of attorney's fees allowed as costs. Since the controversy between the parties on this appeal relates only to matters that were fully adjudicated on May 29, and not to the question of costs, the amended judgment has no significance so far as the timeliness of the appeal is concerned.[2]

Appellant contends that the question as to whether the appeal was timely was finally resolved when we previously denied appellee's motion to dismiss the appeal, which had been filed before the case was argued and submitted. Appellant cites no authority, and we are aware of none, which

---

1. Supreme Ct.R. 7(a) provides in part: "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules of civil procedure for the superior court in suits of a civil nature, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

2. Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211–212, 73 S.Ct. 245, 97 L.Ed. 245, 252 (1952); In re Rocky Run Drainage Dist., 184 Wis. 557, 200 N.W. 384, 385 (1924); Besser v. Alpena Circuit Judge, 155 Mich. 631, 119 N.W. 902, 903 (1909); Lemmons v. Huber, 45 Or. 282, 77 P. 836, 837 (1904).

would sustain his position that this court did not have the power to reconsider the question at a later stage of the proceedings.

■ The time limit for filing a notice of appeal under our Rule 7(a) is not jurisdictional. The requirements of that rule may be relaxed or dispensed with where a strict application would be unfair.[3] At the time we denied appellee's motion to dismiss, we did not foreclose ourselves from later examining the question of whether the appeal was timely after we had had the opportunity to study the record and briefs and hear oral arguments. We could then determine with greater discernment whether Rule 7(a) should be strictly enforced or whether it should be relaxed under Supreme Court Rule 52. We have now made that determination. We are not persuaded that the application of Rule 7(a) according to its terms will work any injustice.

The appeal is dismissed.

3. Supreme Ct.R. 52. Vogt v. Winbauer, 376 P.2d 1007, 1010 (Alaska 1962); Bridges v. Alaska Housing Authority, 349 P.2d 149, 155 (Alaska 1959).