WHITNEY BROTHERS PLUMBING & HEATING, INC., Appellant,

v.

INDUSTRIAL & COMMERCIAL CON-STRUCTION, INC., Appellee.

INDUSTRIAL & COMMERCIAL CON-STRUCTION, INC., Appellant,

v.

WHITNEY BROTHERS PLUMBING & HEATING, INC., Appellee.

Nos. 760, 761.

Supreme Court of Alaska.

Oct. 13, 1967.

Warren A. Taylor, Fairbanks, for appellant and cross-appellee, Industrial & Commercial Const., Inc.

Charles E. Cole, Fairbanks, for appellee and cross-appellant, Whitney-Bros. Plumbing & Heating, Inc.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

This case arose out of a contract between appellant Industrial & Commercial Construction, Inc., as general contractor for the construction of a fire station in the city of Fairbanks, and appellee Whitney Brothers Plumbing & Heating, Inc. as subcontractor of the mechanical aspects of the contract. After a non-jury trial, the superior court determined the merits of the cause in appellee Whitney Brothers' favor.[1] On May 25, 1966, the trial judge entered findings of fact, conclusions of law, and judgment.[2]

■ Initially, we are called upon to determine whether appellant Industrial has timely appealed to this court from the May 25, 1966, judgment of the superior court.[3] We hold that Industrial's appeal should be dismissed because of its failure to appeal within thirty days from the May 25 entry of judgment.[4] Our review of the record has convinced us that it is not unjust to require enforcement of Supreme Court Rule 7(a) in this case.

The record shows that subsequent to the entry of judgment on May 25, 1966, no steps were taken by Industrial to appeal to this court during the following thirty-day period. It was not until July 8, 1966, that Industrial moved the superior court for an order extending the time within which to file an ap-

1. On May 17, 1966, the trial judge filed a memorandum opinion in which he decided the issues in favor of appellee Whitney Brothers.

2. Pursuant to the terms of the judgment, appellee Whitney Brothers was awarded $9,840.05, plus costs in the sum of $181.-30 and an attorney's fee in the amount of $1,826. The record further discloses that on May 27, 1966, the clerk of the superior court mailed notice of the entry of judgment to counsel.

3. Supreme Court Rule 7(a) provides in part that:
   The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from unless a shorter time is provided by law * * *.

4. In these consolidated appeals, appellee Whitney Brothers has both moved to dismiss Industrial's appeal as untimely and has itself appealed from the superior court's extension of the time for Industrial's filing of a notice of appeal from the May 25, 1966, judgment.

peal.[5] In support of the motion, Industrial filed an affidavit of its president, W. G. Vehmeier. The gist of Mr. Vehmeier's affidavit was that he was ignorant of the superior court's disposition of the case until June 19, 1966. After learning of the nature of the judgment, he attempted to telephone his then trial counsel, but was unable to contact him.[6] Mr. Vehmeier also stated in his affidavit that he had to leave Fairbanks for Tok, Alaska, on the evening of June 19 and did not return to Fairbanks from Tok until June 27, 1966. Upon his return affiant then contacted Industrial's present counsel and learned for the first time "that there is a certain time limit for filing a notice of appeal."

In *opposition to this motion* Whitney Brothers contended that Industrial's motion and supporting affidavit did not make out a sufficient showing, under Supreme Court Rule 7(a), of "excusable neglect based on a failure of a party to learn of the entry of the judgment." In support of its opposition

Whitney Brothers filed the affidavit of Millard Ingraham, Industrial's trial counsel. In his affidavit Mr. Ingraham asserted that not long after he had received a copy of the court's opinion he saw Industrial's president, Mr. Vehmeier, in the Fairbanks post office and informed him of the "Court's decision and its general terms."[7] Affiant also stated that prior to June 15, 1966, he telephoned a secretary, believed to be a Mrs. Johnson, in Industrial's office and told her of the general terms of the judgment.[8] Mr. Ingraham further represented that on one other occasion, prior to June 15, 1966, he "talked with Mr. Vehmeier about the Court's decision and discussed the taking of an appeal." [9]

Industrial's motion for extension of time within which to appeal was then argued, and at the conclusion of oral arguments the superior court granted the motion.[10] Thereafter, on July 20, 1966, Industrial filed a notice of appeal.[11]

5. Under Supreme Court Rule 7(a) the superior court is authorized to extend the time for the taking of an appeal to this court. Where pertinent, this rule reads as follows:

The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the court from which the appeal is taken may, in any action, extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed.

6. Appellant Industrial's trial counsel at the time was Millard Ingraham.

7. Mr. Ingraham further stated that during this conversation Mr. Vehmeier said, "[H]e would see affiant in affiant's office the following Monday, but he did not come in."

8. In his affidavit Mr. Ingraham related that this secretary called him back and told him that Mr. Vehmeier had asked to have a copy of the judgment mailed to him at Industrial's Fairbanks office.

9. Affiant also stated that "During this conversation affiant told Mr. Vehmeier

that he advised against an appeal because he did not believe that there were grounds for appeal."

10. During the course of oral argument, the trial judge made the following comments in part:

Well * * * subject to being persuaded otherwise by some cogent argument advanced during oral argument, I was prepared to grant the motion now, to extend the time * * *. Not because I believe that the opposition is not without merit, but—well, it's rather awkward for this Court to take a position to refuse to allow a party to appeal from its judgment. They might—someone might read in there an ulterior motive * * *.

* * * * *

If I were to follow the course of the appellate court I would deny this motion. However, I wouldn't want it said that I hesitate to have a judgment of this Court reviewed.

11. Appellee Whitney Brothers, on July 29, 1966, filed a "Notice of Appeal and Cross-Appeal," wherein it appealed from the superior court's order of July 20, 1966, which granted Industrial's motion for an extension of time and cross-appealed from the judgment which was entered on May 25, 1966.

On the basis of the foregoing portions of the record, we are of the opinion that Industrial did not make a showing of excusable neglect based on failure to learn of the entry of the May 25, 1966, judgment. The record shows that, acting pursuant to Civil Rule 73(d),[12] the clerk of the superior court, on May 27, 1966, mailed notice to all counsel of the entry of the judgment. Under Civil Rule 5(b)[13] the clerk's notice to Industrial's trial counsel constituted timely notice to Industrial of the entry of judgment.[14] In our view, the portions of the record to which we have alluded also demonstrated that Industrial had actual notice of the entry of judgment well before the expiration of the thirty-day appeal period.[15]

In Radich v. Fairbanks Builders, Inc.,[16] this court said:

The time limit for filing a notice of appeal under our Rule 7(a) is not jurisdictional. The requirements of that rule may be relaxed or dispensed with where a strict application would be unfair.[17]

In light of our study of the record, briefs, and oral arguments of the parties in regard to the merits of the judgment which was entered below, we are of the view that enforcement of Rule 7(a) will not result in an injustice to appellant Industrial

In accordance with the foregoing, the appeal of Industrial, and the cross-appeal of Whitney Brothers, are dismissed.[18]

12. Civil Rule 73(d) reads in part:
Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby * * *.

13. Civil Rule 5(b) states in part:
Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. * * *

14. Armstrong v. Ashley, 204 U.S. 272, 27 S.Ct. 270, 51 L.Ed. 482 (1907); Eaton v. State, 418 P.2d 710 (Okla.Crim.App. 1966).

15. Industrial's president, Mr. Vehmeier, failed to explain in his affidavit why he could not, while at Tok, Alaska, communicate with his then trial counsel.
In Rule 73(a), Federal Rules of Civil Procedure, which is comparable to our Supreme Court Rule 7(a), the language "based on a failure of a party to learn of the entry of the judgment" has been deleted. According to the Advisory Committee's Note, the purpose of this amendment was:
The original rule authorized the district court to extend the time for appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed 'upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment * * *.' The exception numbered (2) eliminates the phrase 'based upon a failure of a party to learn of the entry of the judgment' and thus empowers the district court to extend the time upon a showing of excusable neglect of any kind. In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result.

16. 399 P.2d 215, 217 (Alaska 1965) (footnote omitted).

17. It was further stated that after study of the entire record, briefs, and oral arguments "We are not persuaded that the application of Rule 7(a) according to its terms will work any injustice." Id. See Vogt v. Winbauer, 376 P.2d 1007, 1010 (Alaska 1962).

18. In his brief and at oral argument, counsel for Whitney Brothers conceded that if his client prevailed in regard to its motion to dismiss, then its cross-appeal should also be dismissed.