John D. SCHANDELMEIER, Appellant,

v.

WINCHESTER WESTERN, a division of
Olin Mathieson, a Connecticut cor-
poration, Appellee.

No. 1789.

Supreme Court of Alaska.

March 11, 1974.

H. John DeNault, III, of Rice, Hoppner,
Blair & Hedland, Thomas E. Curran of
Curran & Donohue, Anchorage, for appel-
lant.

Kenneth P. Jacobus of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This is an appeal from an order of the superior court denying appellant Schandelmeier relief from a judgment of dismissal.

In August, 1968, while out on a hunting trip, Schandelmeier was injured when he attempted to fire his Winchester Model 70 Rifle and it exploded. The only eye-witness to the accident was Schandelmeier's son, John C. Schandelmeier (hereafter "John C.").

On October 20, 1969, Schandelmeier filed a complaint against the Winchester Western Division of Olin Mathieson Corporation, the manufacturer of the gun. The case has never come to trial. The only facts germane to this appeal concern Winchester's unsuccessful efforts to depose John C. and its subsequent successful effort to have the case dismissed.

Winchester initially gave notice for taking John C.'s deposition on April 22, 1971.[1] Pursuant to the request of Thomas E. Curran, Jr., Schandelmeier's counsel, the deposition was re-noticed for May 3, 1971. For unspecified reasons, the deposition was not taken but was re-noticed for July 14, 1971, at which time neither Schandelmeier, John C., nor counsel appeared. Once more,

John C.'s deposition was re-noticed, this time for January 26, 1972, and, once again, John C. failed to appear. The deposition was subsequently re-noticed for February 10, 1972, then for February 23, 1972[2] and finally for March 2, 1972.

By January 25, 1972, the case had been assigned to Judge Singleton, and the trial had been set for a date certain, May 8, 1972. With trial barely two months away, and John C. still having eluded deposition, Winchester moved to dismiss on March 3, 1972, alleging in substance a conspiracy between Schandelmeier and John C. to thwart discovery. That motion was noticed for hearing on Monday, March 20, 1972.

By Thursday, March 16, 1972, no opposition to the motion to dismiss had been received. Pursuant to superior court practice, timely opposition not having been filed,[3] the court treated Winchester's motion as the subject of a stipulation. Court personnel then contacted Murphy Clark, Winchester's attorney, and requested him to submit an appropriate order. On March 29, 1972, the superior court signed a judgment of dismissal with prejudice.

On April 17, 1972, Appellant Schandelmeier filed a motion for relief from the judgment of dismissal pursuant to Alaska Civil Rule 60(b)(6).[4] The court found nothing in this motion explaining Schandelmeier's failure to have timely opposed the March 3 motion to dismiss. Accordingly, on July 13, 1972, Schandelmeier was denied relief. Schandelmeier's supplemental motion to vacate and reconsider, filed on August 10, 1972, was similarly denied.

1. John C. is a self employed trapper.

2. Schandelmeier claims that John C.'s deposition was not taken on this date because defense counsel was unavailable.

3. Judge Singleton computed the due date for opposition thus:
   In determining when opposition is due, Rule 77(e)(2) requires that one begin with the day of hearing and count back two days. In computing time, Rule 6 indicates that the date from which time is computed is disregarded as well as the final date if

it is a court holiday. In any event, when the time allowed is less than 7 days (here two days is specified), all intervening Saturdays and Sundays are disregarded.

4. Civ.R. 60(b)(6) provides:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment.

The initial question presented in this appeal is whether Schandelmeier has failed to follow proper and timely appellate procedure and is thereby precluded from seeking appellate relief before this Court. Simply stated, appellee Winchester challenges this appeal as being too late. Schandelmeier's initial 60(b)(6) motion, filed within the 30-day period for noticing appeal,[5] made no mention of any mistake of law and was unresponsive to the superior court's reason for entering judgment—namely, Schandelmeier's failure to timely oppose the motion as required by Alaska Civil Rule 77(e)(2). Not until August 10, 1972, in his motion to vacate and reconsider, did Schandelmeier challenge the court's ruling of law.

█ In his memorandum order denying the August 10 motion, Judge Singleton, citing 7 Moore's Federal Practise ¶ 60.27 [2] at 352–53 (1971), ruled that a 60(b)(6) motion is not a substitute for appeal, and that mistakes of law can be raised by a Rule 60 motion only within the thirty day period allowed for appeal.[6] Adopting essentially this analysis, Winchester reads Appellate Rule 7[7] as barring Schandelmeier's attack on the merits of the dismissal at this late date.

In Wellmix, Inc. v. City of Anchorage, 471 P.2d 408 (Alaska 1970), dismissal was ordered as a sanction for appellant's failure to comply with an order directing it to answer interrogatories propounded by appellees. In a sequence of events strikingly similar to the case at bar, appellant filed a motion, equivalent to a 60(b) motion, which did not raise any mistake of law, within 30 days of the order of dismissal. When this motion was denied appellant filed its notice of appeal from the order denying the motion within 14 days of the denial.[8] Appellant's loss of its day in court notwithstanding, this court declined to review the merits of the dismissal:

A Rule 60(b) motion for relief from a judgment "does not affect the finality of a judgment or suspend its operation." This means that the filing of such a motion does not terminate the running of the time for appeal from a final judgment. It must also mean that an appeal from a denial of a Rule 60(b) motion does not bring up the final judgment for review. If the rule were otherwise, one could appeal from a final judgment after the time had expired by utilizing a 60(b) motion, and this would circumvent the rule limiting the time within which appeals may be taken and would frustrate the sound policy of having finality in litigation.

.    .    .    .    .    .

We could, of course, review the order of dismissal despite the failure to appeal in time, under our authority to relax or dispense with any procedural rule when the demands of justice require it. Circum-

---

5. The judgment of dismissal having been entered on March 29, 1972, under App.R. 7(a), Schandelmeier had until April 28, 1972, to notice his appeal. *See* note 6 *infra*.

6. The passage in Moore relied on by Judge Singleton refers to motions made pursuant to Rule 60(b)(1), mistake, etc. Since the substance of this appeal charges that the court erred in dismising the case, and since the prevailing view allows the use of 60(b)(1) to raise mistakes of law by the court, Judge Singleton applied the appeal period limitation on a 60(b)(1) motion to the 60(b)(6) motion submitted in this case. We find no error in his having done this. *See* Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697, 700 (Alaska 1970).

7. App.R. 7 provides in pertinent part:
The time within which an appeal may be taken to the supreme court . . . shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law . . . .

8. To recapitulate the facts of this case, Schandelmeier filed his initial 60(b) motion on April 17, 1972, within 30 days of the March 29, 1972, judgment of dismissal. He then filed his supplemental motion to vacate and reconsider on August 10, 1972, within 30 days of Judge Singleton's denial of the April 17 motion. That motion was denied on August 31, 1972, and Schandelmeier filed his statement of points on appeal on September 27, 1972.

stances calling for such relaxation or dispensation are not present here. (footnotes omitted) 471 P.2d 411–412.[9]

■ As in *Wellmix*, appellant Schandelmeier seeks by way of appeal from a denial of a 60(b) motion to have this Court review the merits of the final judgment dismissing his case. There is, however, a significant difference between *Wellmix* and the case at bar. In *Wellmix*, appellant failed to comply with a court order directing it to answer certain interrogatories, and under the provisions of former Civil Rule 37(b)(2)[c] the lower court was authorized to dismiss the cause of action.[10] In contrast, we find that in the present case the failure of Schandelmeier's son, John C., to appear for a deposition was clearly not an appropriate basis for the motion to dismiss submitted to the trial court by Winchester.[11]

■ Winchester argues that the motion to dismiss can be justified pursuant to either former Civil Rule 37(d) or Rule 41(b). We find this argument to be devoid of merit. Our former Civil Rule 37(d) provided in relevant part:

If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

By its language this rule permits the sanctions of dismissal and entry of default judgment to be imposed only for the wilful failure of a party, or the officer/managing agent of a party, to appear for the taking of his deposition. Schandelmeier's son is of course only a witness, not a party, in the present action. The record is totally devoid of any evidence indicating that Schandelmeier had such control over his son that John C. should be treated as having officer or managing agent status.[12] There is simply no legal theory which can justify a characterization of John C. as the conceptual equivalent of an officer or managing agent of his father for the purposes of former Civil Rule 37(d).[13]

---

9. *See also* Alaska Truck Transport, Inc. v. Berman Packing Co., 469 P.2d 697, 700 (Alaska 1970), where this court struck the balance "between the desire to achieve finality and the need to correct injustice" in favor of finality by ruling that motions made pursuant to Civ.R. 60(b) based on errors of law" be brought within the time for taking an appeal, i. e., within 30 days from the entry of judgment."

10. Civ.R. 37(b)(2) [c], prior to amendment in February of 1973, provided that if a party failed to obey an order of the court to answer a designated question, then the court could enter the following order:

An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party. (emphasis added)

11. Apart from the father-son relationship between Schandelmeier and John C. the record is devoid of any basis for finding an existing agency relationship between the two.

12. Alternatively, one may read the officer/managing agent language to require the

agent's control over the party. For instance, a corporation can act only through its directors, officers and employees. Thus, in the case of a corporate party, where the officer/managing agent in effect controls the party, sanctions could be imposed against the party for the acts or omissions of the officer/manager. In any case, the record here is equally barren of any facts tending to show John C.'s control over appellant.

13. *See* 4A J. Moore, Federal Practise ¶ 37.05 at 100 (1972), wherein Professor Moore observes of Rule 37:

The Rule provides for sanctions against *the disobedient* party, meaning the party who has failed to appear or to answer interrogatories . . . . Since the sanction under Rule 37(d) is applied to the *party*, though the failure to appear is the failure of the party's officer director or managing agent, when it is doubtful that a witness is an officer or managing agent of the party, the court generally would not impose the drastic sanctions formerly provided for in Rule 37(d), but would leave the opposing party to compel attendance by subpoena under Rule 45 . . . . (footnotes omitted)

The suggestion is made that Civil Rule 41(b) can be interpreted to justify Winchester's motion to dismiss. However, when noncompliance with a discovery order is in issue, Civil Rule 37(b), not Civil Rule 41(b), must be looked to as the source of the court's authority to impose sanctions.[14] The appropriate sanction for a lower court to utilize when a witness is subpoenaed to appear for the taking of a deposition and fails to appear is the contempt power found in Civil Rule 45(f).

In light of both the inappropriateness and the severity of the sanction of dismissal with prejudice of Schandelmeier's claim for relief, we find the case at bar to be a proper one in which to dispense with the procedural rule regarding timely appeals in order to meet the demands of justice.[15] Accordingly, we have decided to allow the appeal from the merits of the lower court's decision to dismiss with prejudice Schandelmeier's claim for relief. Our decision should not be interpreted as condoning the general use of a 60(b) motion in lieu of a timely appeal of alleged mistakes of law by the superior court.[16]

Briefly reviewing the facts that preceded entry of the judgment of dismissal, we find that appellee Winchester's motion to dismiss was filed on March 3, 1972. Schandelmeier failed to file timely opposition to this motion as required by former Civil Rule 77(e)(2).[17] As a result of this failure to timely oppose, the trial court had the discretion under subdivision (f)(2) of Civil Rule 77 to consider this failure to be a consent by appellant to the granting of the motion.[18] We have previously stated that we will interfere with this exercise of discretion only where there has been an abuse in the imposition of the sanction

14. *See* Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); Mely v. Morris, 409 P.2d 979, 981–982 n. 9 (Alaska 1966).

In any case, Rule 41(b) imposes the dismissal sanction for the failure of a party, not a witness, to comply with the rules.

The rule reads in part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

15. Alaska App.R. 45 provides:

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

*See generally* Whitney Bros., Inc. v. Industrial & Commercial Construction, Inc., 432 P.2d 533 (Alaska 1967); Radich v. Fairbanks Builders, Inc., 399 P.2d 215 (Alaska 1965); Vogt v. Winbauer, 376 P.2d 1007 (Alaska 1962).

16. Schandelmeier claims to have relied on the following dictum in Gravel v. Alaskan Village, Inc., 409 P.2d 983, 986 (Alaska 1966), in choosing the procedural course to follow:

It is true that there are exceptions to the rule, *such as where there is lack of consent to the judgment* or lack of jurisdiction over the subject matter, or where the judgment was obtained by fraud, collusion or mistake. But in those instances the remedy of a party is to first seek relief from the judgment in the trial court by motion under Civil Rule 60(b). If such relief is denied, then an appeal may be taken to this court from the order of denial of the motion. (footnotes omitted) (emphasis added)

The lower court treated the dismissal in the case at bar as a consent judgment since Schandelmeier failed to file timely opposition to the dismissal motion. While neither *Alaska Truck* nor *Wellmix* overrules the *Gravel* dictum explicitly, it should be clear that the *Gravel* dictum is no longer good law, at least with regard to an attempted use of a 60(b) motion to extend the time period in which to appeal a final judgment.

17. Civ.R. 77(e)(2), prior to its amendment in February of 1973, provided:

Not less than 2 days prior to the hearing of a motion, the opposing party shall serve the following:

[a] Copies of all photographs, affidavits and other documentary evidence upon which he intends to rely, together with a brief, complete written statement of reasons in opposition to the motion, which shall include a memorandum of points and authorities in support of such statement; or

[b] A written statement that he will not oppose the motion.

18. Civ.R. 77(f)(2), prior to amendment in 1973, provided:

When a party opposing a motion fails to comply with the provisions of subdivision (e)(2) of this rule, the court may consider this as a consent to the granting of the motion.

provided by subdivision (f)(2).[19] The discretion granted the lower court in subdivision (f)(2) of former Civil Rule 77 does not mean that the court need not examine a motion and any supporting memorandum submitted by the moving party when there is defective opposition to the motion. A court should scrutinize both the motion and supporting memorandum in order to determine whether granting of the motion is warranted. This is particularly true where the motion is one for dismissal with prejudice and the granting of it will mean that a party will effectively lose his day in court.[20]

█ In the case at bar the dismissal sanction was inappropriate for the situation where there was the failure of a witness to appear for a deposition. This error, combined with the harshness of the dismissal with prejudice sanction, compels us to reverse the judgment of the superior court and the case is remanded for reinstatement· of appellant Schandelmeier's complaint.[21]

Reversed and remanded.

CONNOR, J., dissents.

ERWIN and FITZGERALD, JJ., not participating.

CONNOR, Justice (dissenting).

I respectfully dissent. I would sustain the order of the superior court on the basis of the precedent established in Wellmix, Inc. v. City of Anchorage, 471 P.2d 408 (Alaska 1970), which is discussed in the majority opinion.

Here, as in *Wellmix,* appellee's motion for sanctions for appellant's obstruction of

discovery was not opposed until after the motion had been granted and the order of dismissal had been entered. Appellant's August 10, 1972, motion to vacate and reconsider was merely a belated attempt to present to the trial court what should have been presented earlier, i. e., his reason for opposing appellee's March 3, 1972, motion to dismiss.

In view of the marked similarity between the instant case and *Wellmix,* I would hold that Schandelmeier's appeal, insofar as it raises the merits of the dismissal, is untimely and should be dismissed.

Turning to the correctness of the decision denying appellant's August 10, 1972, motion to vacate and reconsider, which we should review under *Wellmix,* I find no showing of the kind of mistake, inadvertence, surprise, excusable neglect or other reason justifying relief—the tests of Alaska Civil Rule 60(b)(1) and (6)—which required the court to set aside the order of dismissal in order to correct an injustice.

The main thrust of the motion to vacate challenged the court's conclusion that timely opposition to Winchester's motion to dismiss would have to be filed no later than March 16, 1972. Appellant read Alaska Civil Rule 77(e)(2) as giving him until March 20, 1972, the date scheduled for hearing on the motion, to file opposition. The superior court's computation of time for filing opposition was correct. There is no need to belabor appellant's computation here. Suffice it to say that it is wrong. Inasmuch as appellant offered no explanation for his failure to file timely opposition, the court was not required to consider his other arguments going to the merits of the dismissal.

19. *See* Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 572 (Alaska 1969).

20. *See* Mely v. Morris, 409 P.2d 979, 982 (Alaska 1966), wherein we note that dismissal of an action with prejudice is a drastic remedy and one that should be applied only in extreme circumstances.

21. As a condition of reinstatement, upon remand the superior court is empowered to assess either costs or attorney's fees upon

Schandelmeier's trial counsel for his failure to oppose the initial motion to dismiss. In this regard Civil Rule 95 provides:

For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

The dismissal of an action with prejudice is a harsh sanction and should be imposed only in extreme circumstances. Mely v. Morris, 409 P.2d 979, 982 (Alaska 1966). But, judicious imposition of a harsh sanction does not mean non-imposition. Finding no error in the court's disposition of the August 10 motion, I would affirm the order denying the motion to vacate.