**Lynndia J. HARRIS and Roy Keith Harris, Appellants,**

v.

**R. Dale MORRIS and the Burgess Houston Company, a joint venture, Appellees.**

**No. 2205.**

Supreme Court of Alaska.

Feb. 10, 1975.

O. Nelson Parrish, Fairbanks, for appellants.

Thomas F. Keever, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and ERWIN, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

PER CURIAM.

This is an auto accident case involving a collision at the intersection of Wendell and Noble streets in Fairbanks.[1] Appellant Mrs. Harris was coming out of a parking lot on the north side of Wendell, going toward the southbound lane of Noble. Appellee Mr. Morris was turning left from the northbound lane of Noble. into the westbound lane of Wendell. The front left bumper of his vehicle collided with the left rear side of her vehicle. At the time. of impact, the front end of Mrs. Harris' car was approximately at the center line of Wendell. There were no traffic signals at the intersection except for a stop sign controlling eastbound traffic on Wendell.

1. A diagram of the scene of the accident (not drawn to scale) was attached to Appellees' brief as Exhibit A; the diagram is incorporated for reference at the end of this opinion.

Both parties testified that they waited for traffic to clear on Wendell before entering the intersection. At some point Morris paused and signaled left. According to his testimony, his vehicle at that time was substantially south of the centerline of Wendell to permit westbound traffic on Wendell to turn south onto Noble. Mrs. Harris had left the parking lot, was on the sidewalk, and had not entered the street. Morris testified that both cars simultaneously started forward and that he turned left at the center of the intersection. Morris confirmed that he had Mrs. Harris under observation all the time. Immediately before the collision, Mrs. Harris accelerated and did not attempt to apply her brakes.

Mrs. Harris, on the other hand, testified that she was halfway across Wendell when she saw that Morris was stopped and was signaling left. Mrs. Harris stated:

. . . he was looking to the right, but it never occurred to me that he hadn't looked to the left and not seen us . . . I felt the car was waiting for me to proceed as he could see we were headed straight down Noble. We were in fact already crossing Wendell when the car turning left collided with my car.

Mrs. Harris further testified that the reason she accelerated and did not apply her brakes was to avoid collision.

There is conflicting testimony as to where Morris' car stopped and as to which car began to move first. Also, conflicting inferences might be drawn as to whether Mrs. Harris was justified in accelerating through the intersection or in assuming that Morris had seen her. On the basis of the testimony a jury could reasonably find for either side on the overlapping issues of negligence, contributory negligence, and right of way.

The trial court, however, removed the question of contributory negligence from the jury for reasons which are not entirely clear. No objection was raised at trial to the exclusion of the issue of contributory negligence, nor is the issue raised on appeal. The court's action concerning the issue of contributory negligence is significant in this appeal solely in its relation to two other actions of the court.

First, the court gave Instruction No. 9 on rules of the road which stated, in relevant part:

In determining whether or not any defendant, or all of them, were negligent, you are instructed that the law provides as follows:

.　　.　　.　　.　　.　　.

VEHICLE TURNING LEFT.

A driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway from a highway shall yield the right of way to a vehicle approaching from the opposite direction upon that highway so close as to constitute an immediate hazard or which is within that intersection or so close to it as to constitute an immediate hazard . . . .

VEHICLE ENTERING HIGHWAY FROM ALLEY, PRIVATE ROAD OR DRIVEWAY.

(a) Within a business or residence district, a driver of a vehicle emerging from an alley, driveway or building shall stop the vehicle immediately before driving onto a sidewalk or onto the sidewalk area extending across an alley or driveway and shall yield the right of way to a pedestrian to avoid collision and upon entering the roadway, shall yield the right of way to a vehicle approaching on the roadway at such close proximity as to constitute a hazard.[2]

Mrs. Harris objected to the "vehicle entering from alley" instruction on the grounds that it addressed the issue of contributory negligence, which had been excluded. Morris agreed, but the court nonetheless submitted the "vehicle entering from alley" instruction to the jury. This is alleged as error.

2.　13 AAC 02.125 and 13 AAC 02.135(a).

The second action of the court to which Mrs. Harris takes exception also relates to contributory negligence. Counsel for Mr. Morris made the following statement during the course of his final argument:

> MR. KEEVER: I also want you to recall that portion of the cross examination of Mrs. Harris although I'm sure, if I recall correctly it was contended at the time, and I'm sure it will be contended again, that it's not a contradictory statement, that Mrs. Morris—excuse me Mrs. Harris stated "I do remember a green car with turn signal on for a left turn stop before Ron's Service Station on Noble, with cars backed up behind him, I felt the car was waiting for me to proceed, as he could see we were headed straight down Noble." Then it continues on and this is the statement or sentence read by Mr. Parrish, "We were in fact already crossing Wendell when the car turning up and collided with the left side of my car causing damage from the driver's door back." Now the important phrase or word in those three sentences is the word "wait." Recognition that this car is [sic] Noble Street, is stopped with it's left turn indicator going and that he was waiting to make his left turn and then for some reason assuming that he is going to wait until she gets through this intersection.

Counsel for Mrs. Harris objected to the statement and moved that it be stricken. The trial judge refused to strike it but instructed the jury not to consider the statement on the question of contributory negligence. Mrs. Harris argues here that the court's failure to strike was prejudicial error.

Mrs. Harris makes two contentions in support of her position that it was error to include the contested section of instruction no. 9. The first is that "[p]arties should be allowed to stipulate to virtually any matter of law or fact in civil cases." The second is that the contested instruction went solely to the issue of contributory negligence which had been excluded.

We are directed to Greenway v. Sloan, 211 Ga. 775, 88 S.E.2d 366 (1955), for the proposition that instructions are a proper subject of stipulation. We do not need to decide whether appellant has correctly stated the law of Georgia because we are convinced that the law of Alaska is otherwise.

■ We have long recognized that there are limits to the right of the parties to enter into stipulations, even with the trial court's acquiescence.[3] Alaska law governing jury instructions is embodied in Civil Rule 51, which has its origin in the corresponding Federal Rule. It is generally held under Federal Rule 51 that:

> The district judge is not required to use counsel's verbiage. So long as the law is clearly and correctly stated, he may couch it in his own language. Indeed, it is the better practice that he do so. (Numerous citations omitted)[4]

We agree. The trial judge has the direct responsibility of correctly instructing the jury and should not allow attempted stipulations of instruction to interfere with his proper role.

■ Moreover, under the facts of the case an important issue was: Who made the first move? Mrs. Harris testified that she did, whereas Mr. Morris testified that the two cars moved forward simultaneously. The issue of right of way could therefore be submitted to the jury. As the trial judge noted, the "vehicle turning left" and "vehicle entering highway from alley private road or driveway" instructions made little sense except when submitted together. He properly exercised his discretion in doing so.

Because we have concluded that the right of way issue was properly before the jury, we cannot say that counsel for Mr. Morris acted improperly in his argument to

---

3. *See, e. g.,* Thomson v. Wheeler Construction Co., 385 P.2d 111 (Alaska 1963).

4. Beaty Shopping Center, Inc. v. Monarch Ins. Co. of Ohio, 315 F.2d 467, 471 (4th Cir. 1963).

the jury. The right of way regulations require vehicles in certain circumstances to yield to others "in such close proximity as to constitute a hazard."[5] Counsel's argument was permissible since it addressed the critical issue of assessing Morris' negligence. The jury was entitled to consider whether a reasonable man in Morris' place would anticipate that a car entering the highway from the parking area would yield the right of way to a vehicle approaching on the roadway at such close proximity as to constitute a hazard. There was no error in permitting the argument to stand.

Affirmed.

CONNOR, J., did not participate.