Viola JERREL, Appellant,

v.

KENAI PENINSULA BOROUGH
SCHOOL DISTRICT and Kenai
Peninsula Borough, Appellees.

No. 2901.

Supreme Court of Alaska.

July 22, 1977.

Paul L. Davis, John W. Sivertsen, Jr., and Michael W. Sewright, Anchorage, for appellant.

Allen McGrath and John R. Snodgrass, Jr., Graham & James, Anchorage, for appellee Kenai Peninsula Borough School Dist.

Andrew R. Sarisky, Soldotna, for appellee Kenai Peninsula Borough.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

BOOCHEVER, Chief Justice.

Viola Jerrel appeals from a superior court dismissal which denied her a trial de novo pursuant to AS 14.20.205,[1] following her nonretention as a tenured teacher from the Kenai Peninsula Borough School District. On appeal, Ms. Jerrel claims that: (1) the trial court abused its discretion by dismissing her cause of action for failure to file timely opposition to the Borough's motion to dismiss; (2) the trial court abused its discretion by not permitting an untimely appeal from the administrative determination and (3) the trial court abused its discretion by not permitting Ms. Jerrel to amend her complaint. We find no abuse of discretion in any of these issues, and the trial court's decision is accordingly affirmed.

1. AS 14.20.205 provides:

If a school board reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in the superior court. However, a teacher who has not attained tenure rights is not entitled to judicial review according to this section.

2. During the 1973–74 school year, Ms. Jerrel had received excellent evaluations.

3. AS 14.20.180(a) provides, in relevant part:
An employer shall include in a notification . . . of nonretention . . . of a tenure teacher, a statement of cause and a complete bill of particulars.
AS 14.20.175(b) specifies that:

Ms. Jerrel had been an elementary school teacher in the Kenai Peninsula Borough School District for fifteen years. In the 1974–75 school year, Mr. Steven Hikel became principal of the East Homer Elementary School in which Ms. Jerrel taught. Mr. Hikel's evaluation led to a decision not to retain Ms. Jerrel as a teacher in the 1975–76 school year.[2] Ms. Jerrel was given notification of nonretention by letter dated March 12, 1975, signed by Mr. John Hayward, Superintendent of Schools.[3]

Ms. Jerrel requested a public hearing before the School Board on her nonretention. The hearing was held April 14, 1975. Sworn evidence was received from several witnesses who were subject to cross-examination, and numerous exhibits were admitted. The four members present of the seven-person Board unanimously upheld the decision not to retain Ms. Jerrel. Their decision was based on the following grounds:

1. Substantial noncompliance with the written rules of the Superintendent and his agent, the unit principal.

2. Incompetency, the failure to perform customary teaching duties in a satisfactory manner.

Ms. Jerrel was informed of the Board's decision by letter dated April 17, 1975. The findings of fact and conclusions of law from the Board were sent to Ms. Jerrel later by letter dated May 30, 1975.

A teacher who has acquired tenure rights is subject to nonretention for the following school year only for the following causes:
(1) incompetency, which is defined as the inability or the unintentional or intentional failure to perform the teacher's customary teaching duties in a satisfactory manner;
(2) immorality, which is defined as the commission of an act which, under the laws of the state, constitutes a crime involving moral turpitude;
(3) substantial noncompliance with the school laws of the state, the regulations or bylaws of the department, the bylaws of the district, or the written rules of the superintendent; or
(4) a necessary reduction of staff occasioned by a decrease in school attendance.

Ms. Jerrel was dissatisfied with the representation of her attorney in the School Board proceedings and, during late May, attempted to retain the services of Edgar Paul Boyko. However, she was unable to contact Mr. Boyko during June since he was not in Alaska. During that month, Ms. Jerrel sought financial assistance from the state division of the National Education Association. She succeeded in contacting Mr. Boyko on July 21, 1975 but did not receive confirmation of NEA-Alaska funding until the first part of August 1975. Thereafter, Mr. Boyko agreed to represent Ms. Jerrel.

On August 15, 1975, Ms. Jerrel filed a complaint in superior court naming Kenai Peninsula Borough School District and Kenai Peninsula Borough as defendants. The complaint sought a trial de novo and injunctive relief prohibiting her nonretention pending the termination of the litigation. On September 24, the Borough filed a motion to dismiss the complaint because it was not timely filed and, insofar as the complaint pertained to the Borough, it failed to state a claim upon which relief could be granted. On September 30, the School District filed its answer, denying most of the allegations of the complaint and asserting three defenses, including a defense that the action was barred by AS 44.62.560(a)[4] and Appellate Rule 45(a)(2).[5]

Under Civil Rule 77(c), a memorandum in opposition to the Borough's motion was required to be filed within ten days which would be by October 4. In mid-October, the attorneys for Ms. Jerrel and the Borough orally agreed that Ms. Jerrel would have additional time in which to file her opposition to the Borough's motion to dismiss. They did not name a specific date by which the opposition should be filed nor did they file anything in the court with respect to the extension, although Rule 77(c) provides that such stipulations are subject to approval of the court.

On December 10, 1975, not having been advised of any stipulation or opposition to the motion, the superior court entered a memorandum opinion dismissing Ms. Jerrel's appeal. The court noted that she had been "afforded basic and meaningful due process by the School Board hearing," and that there was "no reason to grant the tardy appeal." The court further noted that since no opposition had been filed to the motion to dismiss, Civil Rule 77(e)[6] required "that nonopposition be taken as an admission that the motion is well taken." On January 13, 1976, Ms. Jerrel filed a motion to reconsider this decision. In the memorandum in support of this motion, counsel explained that both parties had agreed to an extension of time in which to file the opposition. He stated further that:

> [Ms. Jerrel] is not asking for the court to reconsider its opinion based upon a full consideration of the merits by the court, but simply upon the sua sponte decision based on the plaintiff's failure to file an opposition to the defendant, Kenai Peninsula Borough's motion to dismiss.

---

**4.** AS 44.62.560(a) provides:

    Judicial review by the superior court of a final administrative order may be had by filing a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters. Except as otherwise provided in this section, the notice of appeal shall be filed within 30 days after the last day on which reconsideration can be ordered, and served on each party to the proceeding. The right to appeal is not affected by the failure to seek reconsideration before the agency.

**5.** Appellate Rule 45(a)(2) provides:

    The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before

the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

**6.** At that time, Civil Rule 77(e) provided:

    Failure to file briefs within the time prescribed or within any extension of time granted by order of the court, shall subject such motions to summary ruling by the court sua sponte, or when brought to the court's attention by opposing counsel. Failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit. Failure to file a brief by the adverse party shall be deemed an admission that, in the opinion of counsel, the motion is well taken.

Prior to the time the superior court ruled on her motion for reconsideration, Ms. Jerrel moved to amend her complaint to include an allegation that the termination was so arbitrary as to violate the due process clause of the fourteenth amendment.

On February 24, 1976, the superior court entered an order denying Ms. Jerrel's motion for reconsideration. The court termed the delay in responding "gross" and, despite the oral noncommunicated stipulation extending the time in which to file opposition, found Rule 77(e) controlling. The court further found that:

> A far more serious obstacle to plaintiff's motion is her total failure to demonstrate any justification for the tardy appeal. . . . [T]imeliness is more critical in an appeal of this nature than in most other cases.

Ms. Jerrel appeals from these decisions.

## FAILURE TO FILE TIMELY OPPOSITION

In her first specification of error, Ms. Jerrel contends that the denial of her motion to reconsider constituted an abuse of the superior court's discretion. Despite the labelling of the motion,[7] it is proper to treat the motion as a request for relief pursuant to Civil Rule 60(b).[8] The motion was based on excusable neglect in failing to file an opposition to the Borough's motion to dismiss. The claimed excusable neglect stemmed from the stipulation between the parties relating to the time extension. Counsel for Ms. Jerrel did not notify the court about this stipulation until January 13, 1976, when the motion to reconsider was filed. When the court is presented with a motion which, in effect, is a request to present a filing long overdue, the showing of excusable neglect is necessarily a heavy one.[9]

Ms. Jerrel urges us to adopt a rule from other jurisdictions to the effect that a stipulation signed by both parties is binding on the court. We reject this argument and find Civil Rule 77(c), in effect at the time of the litigation, dispositive. That rule provides that the opposition to a motion was to be filed within fifteen days after the party was served with a copy of the motion:

> . . . unless otherwise ordered by the court or otherwise stipulated in writing by the parties, *subject to the approval of the court.* (emphasis added)

It is clear from the wording of the rule that the superior court had the power to approve or disapprove of the written stipulation. By the provisions of the rule, the court is a necessary participant in time extensions. In this case, the superior court was not made aware of the stipulation until approximately three months after the opposition was due, and by that time, the court's ruling on the motion was over one month old.

With the volume of cases confronting our courts, judges must have control over calendaring. If counsel may at will agree to extensions of time, control over this important function is lost. Without prompt handling of litigation, valuable rights of parties may be lost. It is a truism that justice delayed is justice lost.

Nevertheless, there must be a balance between requirements of efficiency and the dictates of justice in an individual case. It is for that reason that Civil Rule

---

7. Civil Rule 77(m) governing motions to reconsider was not in effect at the time this motion was filed.

8. Civil Rule 60(b) provides in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

. . . . .

(6) any other reason justifying relief from the operation of the judgment.

9. *Cf. Wellmix, Inc. v. City of Anchorage,* 471 P.2d 408, 411 (Alaska 1970).

94[10] and Appellate Rule 46[11] provide for relaxation of the rules. In many cases, a court may relax the rules and award costs or impose sanctions so as to preserve the importance of compliance generally. Here, however, the rule requiring court approval of stipulations for extensions of time to answer was violated. In addition, no compelling reasons in opposition to the merits of the motion have been advanced to justify our ruling that the trial court abused its discretion in failing to waive the requirements of Civil Rule 77(e).

■ Under these circumstances, we hold that it was not an abuse of discretion to disapprove the stipulation. To hold otherwise would elevate stipulations beyond the role designated by our decisions.[12]

## THE TIMELINESS OF THE APPEAL

■ In her second specification of error, Ms. Jerrel argues that the superior court erred in granting the Borough's motion to dismiss for failing to file a timely appeal. We note that an appeal from the denial of a Rule 60(b) motion does not bring the merits of the case before this court.[13] Here, however, the superior court reviewed the merits of the dismissal in deciding the motion for reconsideration. For this reason and because of the merits bearing on the question of whether the rules should be relaxed, we will fully review the trial court's decision.

Regarding the merits, Ms. Jerrel has argued six bases on which we could find that the dismissal was erroneous. We find that only two of these bases are worthy of extended treatment.[14]

The first argument asserts that the trial court abused its discretion by not finding excusable neglect for the late filing of Ms. Jerrel's appeal in the superior court. Although it is agreed that Ms. Jerrel's appeal was not timely filed in thirty days, the parties do not agree as to when the appeal should have been filed. The School Board

**10.** Civil Rule 94 specifies:

*Relaxation of Rules.*

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

**11.** Appellate Rule 46 states:

*Construction.*

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

**12.** In upholding the right of a judge to give a jury instruction not in accordance with the stipulation of the parties, we said:

We have long recognized that there are limits to the right of the parties to enter into stipulations, even with the trial court's acquiescence. (footnote omitted)

*Harris v. Morris,* 531 P.2d 517, 519 (Alaska 1975). In *Thomson v. Wheeler Constr. Co.,* 385 P.2d 111, 115 (Alaska 1963), we refused to approve the stipulation of the parties relating to evidence objections. We stated:

These rules [of practice and procedure] may not be stipulated away or nullified by any agreement between the parties to litigation . . . . .

**13.** *Wellmix, Inc. v. City of Anchorage,* 471 P.2d 408, 411 (Alaska 1970). *See Alaska Truck Transport, Inc. v. Berman Packing Co.,* 469 P.2d 697, 699 (Alaska 1970). *Accord,* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2871 at 259 (1973).

However, when a clear right is abridged in the underlying decision, we may choose to review the merits. *See Schandelmeir v. Winchester Western,* 520 P.2d 70 (Alaska 1974).

**14.** We find that the assertions that the court believed it lacked jurisdiction and that the decision was based on an improper application of the doctrine of laches are based on misreading of the superior court's decision.

Due to our disposition of the timeliness issue, it is unnecessary for us to consider whether the Borough was a proper party defendant.

Ms. Jerrel also claims that the dismissal should be looked on with disfavor because it denied her the right to de novo judicial review pursuant to AS 14.20.205. The importance of the right to review is a factor to be weighed in determining whether we should relax the rules of procedure. We believe, however, that this puts the cart before the horse. Compliance with the rules, unless excused, is a prerequisite to exercise of this right, just as compliance with the appellate rules is a prerequisite to exercise of the right to appeal to this court. *See, e. g., Vogt v. Winbauer,* 376 P.2d 1007 (Alaska 1962).

notified Ms. Jerrel of its decision on April 18, 1975; however, she received a copy of the Findings of Fact, Conclusions of Law and Decision dated May 30 on June 6, 1975. Thus, Ms. Jerrel argues that time should be counted from June 6, and the School District argues that it should be computed from April 18.

In light of the provision in AS 14.-20.180(c) that the final decision of the School Board must be "written and contain specific findings of fact and conclusions of law," we hold that the time for appeal did not begin to run until the written decision dated May 30 was mailed or delivered to Ms. Jerrel. However, even adopting this later date, Ms. Jerrel's appeal was late by considerably more than a month.

The parties also differ as to the standard of excusable neglect to be applied in this case. The School District contends that since Appellate Rule 45 makes reference to Appellate Rule 7 for various procedural matters and does not itself contain any provisions for delayed appeals, the standard of Appellate Rule 7(a)[15] should govern. Ms. Jerrel urges the standard of Civil Rule 60(b).

Inasmuch as Appellate Rule 45 generally looks to the Appellate Rules for procedure rather than to the Civil Rules, we hold that the standard of excusable neglect in Appellate Rule 7(a) governs in appeals brought under Appellate Rule 45. The court has strictly interpreted that standard, which is based on the failure of a party to learn of the entry of the judgment.[16] Since there is no question in this case that Ms. Jerrel received notification of the judgment by June 6, 1975, the standard of Appellate Rule 7(a) is not met.[17]

Ms. Jerrel's second argument that the dismissal was erroneous is based on her contention that in this case, the trial court abused its discretion because it did not "relax" the thirty-day time limit. In *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 (Alaska 1972), we set forth the considerations that should be balanced in determining whether the rules should be relaxed. They are the right to appellate review, the willfulness and extent of the rules violation and the possible injustice that might result from dismissal. Quoting *Orbeck v. Wheeler Construction Co.*, 394 P.2d 781, 782–83 (Alaska 1964), we stated:

> This court is not inclined to cut off rights of appellate review because of some failure on the part of the litigant to comply with the rules, if to do so would work surprise or injustice or would result in countenancing plain error apparent on the face of the record. However, we must also remain mindful of the fact that the rules are designed to facilitate business and to assure an orderly procedure on appellate review and should therefore be enforced by this court.

Looking to the facts of this case, we note that the balance is a difficult and close one. In the case at bar, the right to appellate review is of great importance. The decision not to retain a tenured teacher may have an enormous impact on that teacher's career. This consideration must have weighed heavily in the minds of the legislature when they granted the unusual right to trial de novo. There is no question that a judicial body, often further removed from the political pressures involved in a teacher nonretention dispute, will provide a more objective perspective of the proceedings. We recognize that relaxation of the rules in this setting may be more liberally applied than in an appeal where the judiciary has already made a determination.

**15.** Appellate Rule 7(a)(3) allows late filing on a showing of "excusable neglect based on a failure of a party to learn of the entry of judgment."

**16.** *See Whitney Bros. Plumbing & Heating, Inc. v. Industrial & Commercial Constr., Inc.*, 432 P.2d 533 (Alaska 1967).

**17.** Ms. Jerrel has urged the court that *State v. 1.163 Acres, More or Less, Chuckwm, Inc.*, 449 P.2d 776 (Alaska 1968), mandates the application of the standard of Civil Rule 60(b). However, in that case, it was the provision of Civil Rule 72 which indicates that the Civil Rules are to govern in eminent domain proceedings which dictated the application of the Rule 60(b) standard.

On the other hand, Ms. Jerrel's delay in filing was both long and inadequately explained. She was represented by counsel at the nonretention hearing. Since she was dissatisfied with counsel, she endeavored to secure the services of another attorney. Nevertheless, she had been aware of the adverse ruling and her need to appeal from it since April 18. She could have consulted with her attorney at that time regarding the procedural requirements for an appeal. Certainly, by the time she received the formal decision on June 6, she should have taken steps to ascertain those requirements. This is not a case in which it is alleged that an appellant is unfamiliar generally with our system of adjudicating disputes and of the fact that there are time requirements to the right of appeal. Ms. Jerrel may well not be assumed to know the specific thirty-day requirements of Rule 45, but she certainly is chargeable with knowledge that an appeal must be filed within some specific period of time.[18] No excuse has been suggested to us for her failure to inquire of her first attorney or some other attorney as to those time requirements. Nor has an excuse been suggested for not filing the simple notice of appeal specified by Rule 45. Any attorney could have filed that notice on her behalf along with a request for extension of time for her to secure the attorney of her choice.

The trial judge in his discretion might still have waived the rules and permitted the late filing. Here, however, Ms. Jerrel had original notification of her need to appeal on April 18. We cannot say that the trial court abused its discretion in not waiving the rules to permit the filing of appeal on August 15.

It is not clear on the face of the record that an injustice will be done if the rules are not relaxed. The decision not to retain Ms. Jerrel and the underlying findings of fact were the result of the unanimous decision of a quorum of the Board. Ms. Jerrel was afforded the right to call witnesses and to cross-examine those who testified against her.

Furthermore, we cannot ignore the practical concerns of the School Board in achieving finality of judgment in order to effectively plan future hiring. School districts such as that of Kenai operate on limited budgets. Prompt decisions on whether a teacher is to be retained are of considerable importance in determining the personnel to be hired for the ensuing school years.

Given all of the above, we must conclude that the trial court did not abuse its discretion by failing to relax the thirty-day time limit. We recognize the importance of appellate review of nonretention decisions and, in general, we think that it is preferable for the superior court to take action which will preserve that right. In this case the equities on both sides are significant and the balance difficult. Were we to sit as the trier of fact, we might not have come to the same conclusion as the trial court. Nevertheless, under established appellate principles, our rule on review does not permit us to ignore the trial court's conclusion or its exercise of discretionary powers, absent an abuse of that discretion. For us to reweigh the facts and equities and then substitute our judgment where there is no abuse of discretion, would abrogate the distinction between the functions of an appellate court and a trial court. We therefore must affirm the trial court's dismissal.[19]

The trial court's judgment is accordingly AFFIRMED.

---

**18.** As Justice Dimond stated in an analogous situation in *Corso v. Commissioner of Education*, 563 P.2d 246 (Alaska 1977):

> One does not have to be an attorney to know that when a case is dismissed it will not be tried. And yet, it was a year later before Ms. Corso sought relief from the dismissal under Rule 60(b).

**19.** In Ms. Jerrel's third specification of error, she argues that the superior court erred in denying her motion to amend her complaint to allege a due process violation. The motion to amend was made after the court had dismissed the complaint. The motion was not specifically denied by the superior court. In light of its decision that the appeal was not timely filed, the court did not err in refusing to accept the amended complaint.

RABINOWITZ, Justice, with whom ER-WIN, Justice, joins, dissenting.

I must dissent from the court's affirmance of the superior court's dismissal of Viola Jerrel's appeal from the Kenai Peninsula Borough School District's upholding of her nonretention as a tenured teacher. Regarding tenured teachers, AS 14.20.205 provides:

If a school board reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in the superior court.

Concerning appeals to the superior court from an unfavorable decision of the school board, Appellate Rule 45(a)(2) stipulates:

The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant.

Under the particular factual circumstance of the case at bar, I am persuaded that it was error for the superior court to have failed to relax the 30-day time limitation for such appeals under the authority granted Alaska's trial courts by Civil Rule 94 [1] and Appellate Rule 45(j).[2] Civil Rule 94 provides:

These rules are designed to facilitate business and to advance justice. They

may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

Simply put, it is manifest that disallowance of Ms. Jerrel's appeal will result in an injustice to her.

Here we have a case where appellant had been teaching for a period of 15 years, had attained tenure, and as recently as the school year prior to her nonretention had received an excellent evaluation as a teacher from her then principal. Despite the fact that she was notified on April 18, 1975, that she would not be retained, she was also informed that the Kenai Peninsula Borough School Board would render its final decision with specific findings of fact and conclusions of law in the near future.[3] Ms. Jerrel did not receive the Board's Findings of Fact, Conclusions of Law and Decision until June 6, 1975. Thus, I conclude that the time for appeal did not commence to run until June 6, 1975. I think it of some significance that none of these aforementioned documents advised Ms. Jerrel that she had only 30 days in which to appeal the Board's decision to the superior court.[4]

It is also of significance that the record shows that prior to June, Ms. Jerrel became

---

1. *Compare* Appellate Rule 46 which reads:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where strict adherence to them will work surprise or injustice.
   In *McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353, 1355 (Alaska 1974), we held that the failure to file an appeal from an administrative determination within strict time limitations does not create a jurisdictional defect. There we noted, "[c]ourts in Alaska have authority to relax the strict requirements of the rules in order to avoid surprise or a serious miscarriage of justice, or otherwise in aid of their appellate jurisdiction." (footnotes omitted)

2. Appellate Rule 45(j) provides, regarding appeals to the superior court from administrative agencies:
   After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction.

See *McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353, 1355 n. 12 for a discussion of the appropriateness of the superior court's use of Appellate Rule 45(j) to extend the time for the filing of an appeal from an administrative agency decision.

3. AS 14.20.180(c) provides, in part, that the final decision of the school board must be "written and contain specific findings of fact and conclusions of law."

4. In her reply brief the following assertions are made:
   During this period of time Mrs. Jerrel was not made aware she must file a notice of appeal with the court within a certain time period, and swears she would have had she known. Her prior counsel evidently failed to inform her of the existence of a time requirement, simply informing her instead that she must wait for the final decision of the school board.

dissatisfied with the attorney who had represented her at the school board hearing and upon his refusal to consider co-counsel, Ms. Jerrel sought the services of Edgar Paul Boyko. From this time until approximately August 1, 1975, when the National Education Association confirmed that it would finance her appeal and she was then able to retain Mr. Boyko, the record shows that Ms. Jerrel was diligent in her attempts to contact and retain Mr. Boyko, as well as in making financial arrangements for her appeal. Within two weeks of his retention, Mr. Boyko, on August 15, 1975, filed an action in the superior court in Ms. Jerrel's behalf. This appeal to the superior court was untimely by a total of approximately 40 days.

Given the importance of Ms. Jerrel's interests which are at stake in this matter and the fact that the legislature saw fit to give tenured teachers the right to a de novo trial in the superior court in the event the school board reaches a decision unfavorable to the teacher, I believe that the factual context of this record mandated that the superior court relax the time limit for appeal in recognition of the importance of appellate review of nonretention decisions. In *Cook v. Aurora Motors, Inc.,* 503 P.2d 1046, 1049–50 (Alaska 1972), this court stated:

> In examining the circumstances of this case, the lower court should balance the right to appellate review, the willfulness and extent of the rules violation, and the possible injustice that might result from dismissal. Depending on its findings, the court could then either relax the rules and allow the appeal, dismiss the appeal for noncompliance with the rules, or allow the appeal but assess costs or attorney's fees as a penalty for the rules infraction in order to discourage similar future conduct, pursuant to Civil Rule 95. (footnotes omitted)

In the instant case, application of the *Cook* balancing analysis indicates that the superior court erred in failing to relax the 30-day time limitation found in Appellate Rule 45(a)(2). On the one hand, we have to weigh a specific legislative grant of appeal by trial de novo in the superior court from a school board decision unfavorable to a tenured teacher and the profound impact the school board's nonretention decision will have on Ms. Jerrel's teaching career. Balanced against these considerations, one finds in the record a rather insignificant delay in appealing the matter to the superior court and an absence of any indication that Ms. Jerrel wilfully violated the 30-day time limitation of Appellate Rule 45(a)(2).[5]

For the foregoing reasons, I would reverse the superior court and permit Ms. Jerrel to obtain judicial review of the school board's decision not to retain her.

5. In *Wagle v. Murray,* 546 F.2d 1329 (9th Cir. 1976), a teacher nonretention case brought pursuant to 42 U.S.C. § 1983, the Ninth Circuit recognized the importance of judicial review in holding that the teacher did not need to exhaust his administrative remedies. Similarly, the provision of AS 14.20.205 allowing appeal by trial de novo illustrates the relative unimportance of the prior administrative holding when compared with the importance of the rights involved. *See Wagle,* 546 F.2d at 1333.