NORTH STAR, INC. and Chena Construction Corporation, and William Rogge, Appellants,

v.

FAIRBANKS NORTH STAR BOROUGH, Appellee.

No. 5076.

Supreme Court of Alaska.

Jan. 9, 1981.

Deborah L. Medlar, Nordale Law Office, Fairbanks, for appellants.

Patrick B. Cole, Fairbanks North Star Borough, Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and BRYNER, Chief Judge, Court of Appeals.

## OPINION

MATTHEWS, Justice.

This case involves an administrative appeal filed thirteen days late. The superior court in Fairbanks dismissed the appeal for untimeliness.

North Star, Inc., and Chena Construction Company (hereinafter referred to collectively as "North Star") both own real property within the confines of the Fairbanks North Star Borough. The borough's 1979 tax assessment on this property reflected an increase in the assessed value of buildings on the property over the 1978 assessment. North Star appealed its 1979 assessment to the borough Board of Equalization ("Board"), but the Board, after a hearing, orally rejected North Star's contentions on April 16, 1979.

On May 29, North Star filed a complaint in superior court seeking reversal of the decision of the Board. The complaint rested on the alleged failure of the borough to maintain a uniform appraisal methodology, and on the borough's improper discrimination between North Star's reappraised property and property in downtown Fairbanks that was not reappraised. The borough moved for summary judgment, arguing, among other things, that North Star's appeal was untimely. North Star responded that its appeal was not untimely, and that even if it was, the delay was minimal, and dismissal on this ground would be "manifestly unjust." The superior court ordered the complaint dismissed because it was not timely filed.

Alaska Rule of Appellate Procedure 45(a)(2) provides that appeals to the superior court from administrative rulings must be taken within thirty days of the date that the ruling is mailed or delivered to the appellant. On its face, North Star's appeal should have been filed by May 16, 1979, and hence was thirteen days late. North Star argues, however, that the appeal period was tolled by the actions of the Fairbanks North Star Borough Assembly on an ordinance that would have mooted the appeal.

On April 12, 1979, the assembly voted to adopt an ordinance, No. 79–34, freezing all assessments in the borough at their 1978 level. However, an assembly member filed notice of reconsideration, thus staying the effect of the ordinance.[1] Notwithstanding

---

[1]. North Star argues that we may not consider the effect of the reconsideration motion, since there is no record evidence of any such motion. In other words, we must act as though 79–34 had been formally adopted by the assembly, when in fact it had not. While it is true that there is no record evidence of the motion, North Star, in its pleadings below, recognized that a motion had been filed. There is also no record evidence that borough ordinances are stayed by the filing of reconsideration motions, nor does this fact appear in the borough code. Because the borough asserts that such is the practice, and North Star does not contest the assertion, we have accepted it as true. We also note that the borough's practice is consistent with generally followed legislative procedure.

this pending ordinance, four days later the Board of Equalization heard North Star's appeal of its 1979 assessment, and took the action at issue here. At its next regularly scheduled meeting, on April 26, the borough assembly was to rule on the motion to reconsider Ordinance 79–34, but failed to do so because of time limitations. The meeting was scheduled to reconvene on May 3. Later in the April 26 meeting the borough mayor vetoed Ordinance 79–34. This veto evidently killed the measure, no further assembly action on it taking place.

■ North Star asserts that Appellate Rule 45's thirty-day period did not begin to run until April 26, when the mayor's veto removed the element of mootness from the Board's April 16 decision, and therefore, its appeal was timely.[2] We do not agree. As the borough notes, because of the reconsideration motion, Ordinance 79–34 was never in effect. The borough, in our opinion, recognized this by proceeding with the Board hearing on April 16. The Board did not tell North Star that the pending ordinance in any way affected its assessment or appeal rights.[3] Therefore, the assembly's actions on Ordinance 79–34 did not toll North Star's time for appeal.

■ Appellate Rule 46 authorizes relaxation of the rules "where a strict adherence to them will work surprise or injustice." We considered the question of relaxing time limits for administrative appeals in *Jerrel v. Kenai Peninsula Borough School District,* 567 P.2d 760 (Alaska 1977), where we upheld the superior court's dismissal of the statutorily authorized appeal of Jerrel, a

tenured teacher not retained by the school district, because the appeal was filed over one month late. While we found the case to be a "difficult and close one," given the enormous impact of nonretention on Jerrel, we concluded that the trial judge had not abused his discretion in light of the "long and inadequately explained" delay in filing, the lack of clear injustice,[4] and the "practical concerns of the School Board in achieving finality of judgment in order to effectively plan future hiring." *Id.* at 766–67.

We believe that this case is less compelling than *Jerrel.* There is a lack of clear injustice, for the claimed over assessment is less than ten percent of the total value of the property in question. The total difference in taxes is less than $15,000. There is no evidence that the appellants deferred appealing because of the prospective passage of Ordinance 79–34. Finally, there is a need for the Borough to know promptly what its property tax will be in order to propose a budget for the forthcoming fiscal year.[5]

We find that the superior court did not abuse its discretion in refusing to apply Alaska Rule of Appellate Procedure 46.

AFFIRMED.

RABINOWITZ, Chief Justice, dissenting.

I have concluded that the superior court abused its discretion in refusing to apply Appellate Rule 46 to avoid working an injustice by virtue of the strict application of Appellate Rule 45(a).[1]

---

See P. Mason, Manual of Legislative Procedure, § 467 (1979).

2. May 26, 1979, the date thirty days after the veto, was a Saturday. May 28 was a holiday, Memorial Day. Thus, if the operative date for the start of the Rule 45 period was April 26, North Star's May 29 filing was timely.

3. During this hearing two Board members commented about the pending ordinance. One member noted that a motion to enact the ordinance was "still standing," while the other spoke of "the action which we took the other night to freeze all assessments."

4. We observed that the school board's nonretention decision had been unanimous, and that Jerrel had had an opportunity to fully present her case to the board.

5. AS 29.53.140 requires certification of the final assessment roll by June 1 of each year. AS 29.53.170 requires the rate of levy to be fixed before June 15.

1. Under the newly revised Rules of Appellate Procedure, effective November 15, 1980, former Rule 46 is now Rule 521, and former Rule 45(a) is now Rule 602(a). Both are without substantial change.

First, while the majority does not find the $15,000 difference in taxes significant enough to justify reversal, I am not persuaded that it is so insignificant that there is no clear injustice in refusing to allow North Star to dispute that difference. Nor am I persuaded that the Borough's ability to propose its budget for the forthcoming year would have been significantly impaired by any uncertainty concerning whether or not the disputed $15,000 would be available. Finally, I think that the record sufficiently indicates that appellants deferred appealing the Board's decision because of the likely passage of Ordinance 79–34.

Given the slight delay (thirteen days), the substantiality of the legal issues sought to be raised, and the uncertainty engendered by the Borough Assembly's proposed adoption of Ordinance 79–34, I would hold that the superior court erred in not allowing the appeal.