**Lonney BALLARD, Appellant,**

v.

**Edwards J. STICH, Gus Zadra, and Fairbanks North Star Borough School District, Appellees.**

**No. 4634.**

Supreme Court of Alaska.

May 29, 1981.

Richard D. Savell, Aschenbrenner & Savell, for appellant.

Terrence H. Thorgaard, Asst. Borough Atty., Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

This appeal presents the question of whether former Appellate Rule 45's thirty-day limit on appeals of administrative decisions to the superior court applies to a complaint styled as an "independent action" seeking review of ʻa school board's decision to uphold the termination of an employee. We hold that the thirty-day limit applies, and since the complaint was filed more than thirty days after the administrative decision, we affirm the superior court's dismissal of the complaint.

The Fairbanks North Star Borough School District employed Lonney Ballard as a custodian. In August 1977, a grand jury indicted him for selling cocaine. At the end of August, the school district suspended Ballard from his job without pay, pending the outcome of his trial.

In September, Ballard protested his suspension in writing and requested reinstatement. The school district administration denied Ballard's request and upheld the suspension.

The trial on the drug charges was held in November, resulting in a mistrial after the jury was unable to reach a verdict. In December the district attorney dismissed the indictment.

In January 1978, Ballard received a letter of termination from the school district. The letter quoted the following portion of Fairbanks North Star Borough School District Policy 4220.7 as the specific grounds for his dismissal: "Classified employees of the District are prohibited from possessing, using, selling, giving, bartering, or transporting narcotic, depressant, hallucinogenic, or stimulant drugs." The letter went on to state: "Even though your subsequent trial resulted in charges being dismissed it is felt that sufficient evidence is available to indicate that you were indeed in violation of the above stated Policy [4220.7]."

After receipt of the termination letter, Ballard registered a grievance with the school district superintendent in writing, requesting reinstatement and full back pay from the time of his suspension. In reply, Ballard received a letter notifying him that his termination had been reviewed and that he would not be reinstated because he was "in violation of School District Policy 4220.7."

Ballard then requested a hearing before the school board on his grievance. On February 14, the school board held the requested hearing on his termination. Ballard was present at the hearing and was represented by an attorney. At the conclusion of the hearing, in an executive session, the school board voted to uphold the administration's decision to terminate Ballard. The next day written notice of the school board's action was sent to Ballard.

Over four months later, on July 6, Ballard filed a complaint in superior court seeking reinstatement, back pay, and punitive damages. The trial court granted the school district's motion for summary judgment and dismissed Ballard's suit with prejudice. Ballard now appeals from this dismissal.

One of the grounds upon which the school district based its motion for summary judgment was that Ballard's superior court action was an untimely appeal of an administrative decision under former Appellate Rule 45(a)(2), now recodified as Appellate Rule 602(a)(2).[1] This rule provides that appeals from administrative agencies must be filed within thirty days after the appellant is informed of the agency's action. We hold that Ballard's action was properly dismissed for failure to comply with the timely filing requirement of former Rule 45.

■ First, we note:

Whether Appellate Rule 45 applies is not determined by labeling a case an appeal or a new proceeding. The essential question is a functional one: does the claim before the superior court challenge a prior administrative decision? If the answer is affirmative, Appellate Rule 45 applies.

*Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541, 545 (Alaska 1975) (footnote omitted). *Accord, Owsichek v. State*, 627 P.2d 616, 619, (Alaska April 24, 1981). *See also State v. Lundgren Pacific Constr. Co.*, 603 P.2d 889, 892–93 (Alaska 1979); *Jerrel v. Kenai Peninsula Borough School Dist.*, 567 P.2d 760, 763, 765–77 (Alaska 1977).

■ In the present case, Ballard's complaint requests reinstatement, back pay, and punitive damages. All of these claims are dependent upon a determination that the school board's decision was invalid. Since such a determination can only be made in an administrative appeal this action must be treated as an appeal, governed by former Rule 45. *Owsichek*, 627 P.2d at 619–21.

■ Second, any claim that former Rule 45 does not apply because the school board was not acting as an "administrative agency" is without merit. As we made clear in *Winegardner*, the test for determining when an entity is acting as an "administrative agency" is functional. Whenever an entity which normally acts as a legislative body applies policy to particular persons in their private capacities, instead of passing on general policy or the rights of individuals in the abstract, it is functioning as an administrative agency within the meaning of Appellate Rule 45. *Winegardner*, 534 P.2d at 544–45. *See also Keiner v. City of Anchorage*, 378 P.2d 406, 410 (Alaska 1963). We also note that we have applied former Rule 45 to a school board hearing and decision on the nonretention of a teacher. *Jerrel*, 567 P.2d at 762, 765–67.

In the present case, the school board was acting as a personnel review board when it held its hearing on Ballard's termination. In determining whether Ballard had violated the district's policy on drug-related activities of employees, the board was clearly functioning in an adjudicatory manner, applying general policy to a particular person. Therefore the school board was acting as an administrative agency within the meaning of former Appellate Rule 45.

---

1. Former Appellate Rule 45(a)(2) and current Appellate Rule 602(a)(2) provide:

   *Appeals to Superior Court From District Court and From Administrative Agencies.*
   (a) *When Taken.*
   (2) The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

Third and finally, there are no grounds in this case for "relaxing" the thirty day filing requirement under former Appellate Rule 46.[2] *Jerrel* is directly on point. In that case a school teacher had a nonretention hearing before a school board. The school board informed the teacher of its adverse decision by letter, and she then filed an action for court review of the board's decision two and half months later. The superior court dismissed the action as an untimely appeal.

We affirmed the superior court's dismissal and held that the trial court had not abused its discretion in failing to "relax" the rules under former Appellate Rule 46. We listed several considerations which must be balanced when deciding whether to relax the rules. These were "the right to appellate review, the willfulness and extent of the rules violation and the possible injustice that might result from dismissal." 567 P.2d at 766. In holding that the superior court had not abused its discretion in refusing to relax the thirty-day limit barring the teacher's appeal, we noted that the delay had been long and inadequately explained and that the teacher had been represented by counsel at the administrative hearing before the school board. We also noted that while the teacher was not chargeable with actual knowledge of the thirty-day limit on appeals, she was chargeable with the knowledge that there must be some time limit and therefore should have inquired as to what it was. *Id.* at 767.

 In the present case, the board mailed Ballard a letter informing him of its decision on February 15, 1978. He did not file his complaint until July 6, 1978, nearly five months later. In the trial court and on appeal, Ballard has offered no reason to explain this long delay. Considering the long and completely unexplained delay and the fact the Ballard was represented by counsel at the school board hearing, there appear to be no grounds for "relaxing" the rules.

In conclusion, the school board, in passing on the termination decision of the school administration, acted as an adjudicatory personnel review board. As such, the thirty-day limit on appeals to the superior court from administrative agencies clearly applied. Ballard's characterization of his complaint as a new proceeding does not evade the requirements of former Appellate Rule 45, since the relief he is requesting is dependent upon a determination that the underlying administrative proceedings were invalid. Finally, Ballard has presented no grounds which would justify the relaxing of the thirty-day limit.

AFFIRMED.

COMPTON, J., not participating.

---

**2.** Former Appellate Rule 46 and current Appellate Rule 521 provide:

These rules are designed to facilitate business and advance justice. They may be re-laxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.