NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

REINÉ LOEBS, )
                 ) Supreme Court No. S-18644
         Appellant, )
                 ) Superior Court No. 3AN-21-04339 CI
    v. )
                 ) MEMORANDUM OPINION
LOWER YUKON SCHOOL DISTRICT, ) AND JUDGMENT[*]
                 )
         Appellee. ) No. 2055 – November 13, 2024
                 )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Reiné Loebs, pro se, Anchorage, Appellant. Kendra E. Bowman, Jermain, Dunnagan & Owen, Anchorage, for Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

## I.  INTRODUCTION

A school district terminated a teacher's employment contract based on her erratic behavior. The school board subsequently sustained the termination and notified the teacher of her right to appeal in superior court within 30 days. Over a year and a half after she received the board's notice, the teacher filed a lawsuit in superior court challenging the board's decision. The superior court concluded that the teacher's

---

[*]      Entered under Alaska Appellate Rule 214.

lawsuit amounted to an untimely administrative appeal and granted summary judgment for the school district. We affirm the decision of the superior court.

## II. FACTS AND PROCEEDINGS

### A. Facts

The Lower Yukon School District hired Reiné Loebs as a non-tenured special education teacher at Hooper Bay School in 2018. Loebs's contract allowed the District to terminate her employment for failure to "discharge the duties imposed either through incapacity or disability, or for cause" as defined in AS 14.20.170.[1]

In April 2019 a teacher's aide observed Loebs acting "very strange" in her classroom. The aide and some of Loebs's students reported that Loebs had kicked students, "hit [students] on the butt," played with fire, slammed doors and windows, and used derogatory language toward students. The school's vice principal took Loebs into his office, where Loebs began opening mail and throwing the envelopes at him. He immediately placed Loebs on administrative leave.

Two days later Loebs sent an email to the vice principal and other school staff members claiming that she fell in the shower in her District-owned apartment,

---

[1] AS 14.20.170 provides:

(a) A teacher, including a teacher who has acquired tenure rights, may be dismissed at any time only for the following causes:

(1) incompetency, which is defined as the inability or the unintentional or intentional failure to perform the teacher's customary teaching duties in a satisfactory manner;

(2) immorality, which is defined as the commission of an act that, under the laws of the state, constitutes a crime involving moral turpitude; or

(3) substantial noncompliance with the school laws of the state, the regulations or bylaws of the department, the bylaws of the district, or the written rules of the superintendent.

which resulted in a head injury. Later that evening the vice principal received reports that Loebs was screaming and pounding on the walls of her apartment. The vice principal received another complaint a few days later that Loebs was again causing a disturbance. He and another school employee went to Loebs's apartment, where they saw her dismantling the dishwasher and spraying water on the walls. Police responded and arrested Loebs for destruction of property. The State also charged Loebs with two counts of fourth-degree assault for hitting and kicking police officers shortly after the arrest. The State dismissed all charges approximately one month later.

The District concluded its investigation in late April and notified Loebs that it intended to terminate her employment for incompetency, immorality, and "substantial noncompliance" with state law and district rules and bylaws.

### B.  Proceedings

After holding a pretermination hearing in late April, the District dismissed Loebs from her teaching position. Loebs appealed the District's decision to the Lower Yukon School District School Board. Following a hearing in June at which Loebs was represented by legal counsel, the Board concluded that because Loebs breached her employment contract by "fail[ing] to perform her duties in a satisfactory manner" and violating board policy and state law,[2] the District had cause to terminate her employment. The Board served notice of its decision on Loebs and her attorney on June 28, 2019. The notice informed Loebs that the Board's decision was final, that she had a right to appeal the decision in superior court, and that she must file any such appeal within 30 days of service of the notice.

---

[2]   Specifically, the Board found that Loebs violated Board and State regulations requiring her to protect students from conditions harmful to learning or health and safety, prohibiting her from exposing students to unnecessary embarrassment or disparagement, and requiring her to "accord just and equitable treatment" to students and educators. *See* 20 Alaska Administrative Code (AAC) 10.020(b)(3), (b)(5), (b)(9), (d)(2).

More than a year and a half later, on February 1, 2021, Loebs filed a complaint against the District in superior court as a self-represented litigant. She later amended her complaint to add claims of breach of contract, fraudulent misrepresentation, and professional negligence. Loebs alleged that the District lacked cause to terminate her contract because all of the criminal charges against her had been dismissed in May 2019. She also claimed that the District made fraudulent misrepresentations to third parties about the injury she had sustained after falling in the shower. Finally, Loebs alleged that the District owed her a duty of care following her fall in the shower and breached this duty by failing to "make certain that she received medical treatment, as a priority."[3] Loebs alleged that this conduct by the District led to her wrongful termination.

The District answered and later moved for summary judgment. It argued that Loebs's suit amounted to an untimely administrative appeal of the Board's decision and, alternatively, that each claim failed as a matter of law. The superior court granted summary judgment for the District, concluding that Loebs's suit was an untimely administrative appeal and that the circumstances did not warrant relaxing the 30-day deadline. It also concluded that Loebs failed to state a professional negligence claim as a matter of law. The court awarded attorney's fees and costs to the District.

Loebs appeals.

## III.   STANDARD OF REVIEW

---

[3]   Loebs claimed that the District was negligent because it breached "a duty to use such skill, prudence, and diligence as other members of the teaching profession commonly possess and exercise in" informing law enforcement or other authorities of her medical needs.

"We review grants of summary judgment de novo."[4]  Summary judgment shall be granted if the moving party shows that "there is no genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law."[5]  "[A] material fact is one upon which resolution of an issue turns."[6]  "[S]ummary judgment is appropriate only when no reasonable person could discern a genuine factual dispute on a material issue" after making "reasonable inferences from the evidence in favor of the non-moving party."[7]

## IV.  DISCUSSION

As explained below, we affirm the superior court's grant of summary judgment for the District on Loebs's breach-of-contract and negligence claims.  We also hold that Loebs has abandoned her other claims on appeal by failing to adequately brief them.

### A.    The District Is Entitled To Summary Judgment On Loebs's Breach-Of-Contract And Negligence Claims.

In granting summary judgment to the District, the superior court stated that Loebs's "action amounts to an unjustifiably late-filed [administrative] appeal."  We agree with this characterization of Loebs's breach-of-contract and negligence claims.[8]  Granting relief on either claim would have required the superior court to overturn the Board's decision terminating Loebs's employment contract, making both claims the

---

[4]    *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 516 (Alaska 2014).

[5]    Alaska R. Civ. P. 56(c).

[6]    *Christensen*, 335 P.3d at 519.

[7]    *Id.* at 520.

[8]    The superior court granted summary judgment on Loebs's negligence claim because it determined professional negligence was inapplicable, but we can affirm summary judgment on any ground supported by the record. *See Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 289 (Alaska 2012).

functional equivalent of administrative appeals. The 30-day deadline for administrative appeals therefore applies to these claims. Loebs filed both claims well after the 30-day deadline and, even when reasonable inferences are drawn in her favor, the facts and circumstances do not justify excusing this delay.

### 1. The 30-day deadline applies to Loebs's breach-of-contract and negligence claims.

A claim in a lawsuit will be treated as an administrative appeal if it "requires the court to consider the propriety of an agency determination" such that a court cannot grant the plaintiff relief without reversing the agency's determination.[9]

Loebs's breach-of-contract claim is clearly an appeal of the Board's decision to terminate her employment. The Board determined that her arrest and criminal charges were "cause to sustain her dismissal." And it concluded that "Ms. Loebs's conduct in her classroom constitutes a significant failure to perform her duties in a satisfactory manner," including her "most fundamental and primary duty . . . to protect the health and welfare" of her students. In her complaint, Loebs claimed the opposite: She argued that because her criminal charges were dismissed and she otherwise performed her contractual obligations, her termination was without cause.[10] The superior court could not have awarded Loebs damages for breach of her employment contract without reversing the Board's decision to terminate her position for cause.

---

[9]     *Yost v. State, Div. of Corps., Bus. & Pro. Licensing*, 234 P.3d 1264, 1273-74 (Alaska 2010) (quoting *Haynes v. State, Com. Fisheries Entry Comm'n*, 746 P.2d 892, 893 (Alaska 1987)).

[10]     Based on this assertion, Loebs suggests that her termination was actually motivated by her attempts during the 2018-2019 school year to call attention to the District's use of special education funding, which Loebs claims was improper. Loebs's complaint did not include a claim under the Alaska Whistleblower Act, so we construe Loebs's argument that the District fired her for an improper reason as an extension of her claim that the District terminated her without cause.

Loebs's negligence claim is also an appeal of the Board's decision. To prevail on a negligence claim, Loebs must establish that she suffered compensable harm.[11] In her complaint, Loebs alleged that, in responding to her injury, the District negligently failed to "make certain that she received medical treatment." As a result of the District's alleged negligence, Loebs claimed that she was wrongfully terminated and suffered economic loss.[12] Assuming for present purposes that this a viable theory of negligence, the court could only award Loebs's requested damages if her termination was wrongful.[13] But because the Board determined that her dismissal was proper, awarding Loebs relief would have required the court to reverse the Board's decision.

Because Loebs's breach-of-contract and negligence claims are the functional equivalent of administrative appeals, the 30-day filing deadline for administrative appeals applies.[14] Loebs did not meet that deadline. The District is therefore entitled to summary judgment on those claims unless there are circumstances that justify relaxing the deadline.

### 2. The superior court did not abuse its discretion by refusing to relax the 30-day deadline.

The superior court found no circumstances that justified relaxing the 30-day deadline to accommodate Loebs's appeal. Loebs argues the court should have

---

[11]    *See* RESTATEMENT (SECOND) OF TORTS § 328A(d) (AM. L. INST. 1965).

[12]    Loebs does not allege any non-economic damages. She also claims the District's negligence resulted in "ongoing harassment." Loebs does not describe any distinct, compensable harm associated with this alleged harassment. We therefore construe her complaint as only asserting a claim for negligence resulting in wrongful termination.

[13]    *See* AS 14.20.170(a) (allowing dismissal for cause).

[14]    *Yost*, 234 P.3d at 1273 (explaining that "[h]owever denominated, a claim is functionally an administrative appeal if it requires the court to consider the propriety of an agency determination" (alteration in original) (quoting *Haynes*, 746 P.2d at 893)); Alaska R. App. P. 602(a)(2).

relaxed the deadline because she was recovering from her injury and lacked adequate notice of the appeal requirement and deadline. We reject these arguments because Loebs fails to provide sufficient justification to relax the deadline.

A party is required to file an appeal of an administrative decision in the superior court within 30 days of the date that the agency distributes its decision to the appellant.[15] Strict application of this deadline requires the agency's decision to clearly state that it is a final order and that the losing party has 30 days to appeal.[16] Courts have discretion to relax this deadline.[17] In determining whether to accommodate a late-filed administrative appeal, courts consider (1) the appellant's right to review, (2) the willfulness and extent of the appellant's violation, and (3) the injustice that might result from dismissing the case.[18]

Here, the Board's notice clearly explained that its decision was final and that Loebs had the right to appeal it in superior court. The notice also clearly stated that any appeal to the superior court must be filed within 30 days of service of the notice. The Board served copies of its notice and decision to both Loebs and her attorney. Thus the 30-day deadline is enforceable against Loebs.

Enforcing the deadline is appropriate because Loebs's circumstances do not justify relaxing the deadline. While protecting Loebs's right to appeal is important,[19] the extent of her violation — i.e., her delay in filing — was extreme. She

---

[15] Alaska R. App. P. 602(a)(2).

[16] *Kilmer v. Dillingham City Sch. Dist.*, 932 P.2d 757, 763 (Alaska 1997).

[17] Alaska R. App. P. 502(b); *see also Jerrel v. Kenai Peninsula Borough Sch. Dist.*, 567 P.2d 760, 767 (Alaska 1977) (holding that superior court did not abuse discretion by refusing to waive filing deadline).

[18] *Ballard v. Stich*, 628 P.2d 918, 921 (Alaska 1981).

[19] *See Jerrel*, 567 P.2d at 766 (explaining that nonretention "may have an enormous impact on [a] teacher's career").

filed her complaint over a year and a half after receiving notice of the Board's decision. This severe delay must be weighed against the relatively limited injustice that might result from dismissing this case.[20] Here, Loebs already had a hearing before the Board that provided her the opportunity to be heard and to subpoena, call, and cross-examine witnesses under oath.

Loebs contended that she was unable to meet the filing deadline because she was not informed of it. But the notice was served on her by email and on her attorney by both email and U.S. mail, and a union representative filed a grievance on Loebs's behalf within 30 days of the Board's decision to uphold her termination.[21] And even if she overlooked the specific timeframe, Loebs should have known that she faced some sort of deadline to file an appeal in superior court.[22] We cannot accept Loeb's argument that she had no knowledge of the deadline.

Loebs also contends that she was unable to meet the deadline because she was healing from her injury. But she pursued several administrative remedies in 2019, including claims for workers' compensation and unemployment benefits, and a wrongful termination complaint with the State Commission for Human Rights. If Loebs's injuries did not prevent her from pursuing other forms of relief, then they should not have prevented her from timely filing an appeal in the superior court.

Considering Loebs's excessive delay in filing her appeal, the absence of any reasonable justification for that delay, and the procedural safeguards provided to Loebs at the administrative level, the superior court did not abuse its discretion by

---

[20] *See id.*

[21] Under Alaska law and the District's contract with the teacher's union, terminated public school employees may either request a hearing before the school board or pursue the grievance process. AS 14.20.180(c). The District denied Loebs's grievance because she previously requested a school board hearing.

[22] *See id.* at 767.

enforcing the 30-day deadline. Consequently, the District is entitled to judgment as a matter of law on Loebs's breach-of-contract and negligence claims.

## B. Loebs Has Abandoned Her Other Claims On Appeal.

In her statement of issues, Loebs argues that the "damages" award against her is excessive. No damages were awarded against Loebs, but we presume that she is referring to the superior court's award of attorney's fees and costs. Loebs also does not address her fraudulent misrepresentation claim in her briefing on appeal.[23] We agree with the District that Loebs's briefing is inadequate to preserve these claims for appeal.

When determining whether a litigant has preserved arguments for appeal, "we judge a [self-represented] litigant's briefing by a 'less demanding standard.' "[24] But even self-represented litigants must do more than raise issues "in cursory fashion, without citing any authority," to preserve them.[25] Issues raised in a litigant's statement of points on appeal but not adequately briefed are accordingly considered abandoned.[26] And we will not consider issues that litigants do not argue in their opening appellate briefs.[27]

---

[23] The superior court did not specifically consider Loebs's misrepresentation claim in its summary judgment order. Therefore, it presumably granted summary judgment for the District on that claim for the reasons stated in the District's briefing. *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392, 398 n.23 (Alaska 2021) (" '[W]hen a trial court grants summary judgment without stating its reasons,' we 'presume[] that the court ruled in the movant's favor on all of the grounds stated.' " (second alteration in original) (citing *Guerrero ex rel. Guerrero v. Alaska Hous. Fin. Corp.*, 123 P.3d 966, 974 (Alaska 2005))).

[24] *Romero v. Cox*, 166 P.3d 4, 8 (Alaska 2007) (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004)).

[25] *Id.* (quoting *Lee v. State*, 141 P.3d 342, 352 n.38 (Alaska 2006)).

[26] *Int'l Seafoods of Alaska, Inc. v. Bissonette*, 146 P.3d 561, 569 (Alaska 2006).

[27] *Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 598 (Alaska 2012).

Loebs does not explain why the attorney's fee award is excessive. She does not raise her fraudulent misrepresentation claim in her statement of issues or otherwise address it in her briefing. We therefore cannot consider either claim.

## V.    CONCLUSION

We AFFIRM the decision of the superior court.